GRAN ESPERANZAS PARTNERSHIP, ELMER C. PRATT, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gran Esperanzas Partnership v. Commissioner
Docket No. 3399-88.
United States Tax Court
T.C. Memo 1989-113; 1989 Tax Ct. Memo LEXIS 113; 56 T.C.M. (CCH) 1499; T.C.M. (RIA) 89113; March 22, 1989. Elmer C. Pratt, Pro se. Jerry L. Leonard, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's revised motion to dismiss for lack of jurisdiction. Respondent's revised motion seeks a dismissal against petitioner on the ground that since Elmer C. Pratt in 1984 was not a partner of Gran Esperanzas, the petition Mr. Pratt filed is invalid with respect to tax adjustments of the Gran Esperanzas partnership. Respondent's revised motion also seeks a dismissal of the case against respondent on the ground that the original Final Partnership Administrative Adjustment ("FPAA") with respect to which the petition was filed is invalid because it was not properly mailed to the tax matters partner of Gran Esperanzas. *114 Respondent does not explain how we possibly can grant his motion to dismiss against petitioner and at the same time grant his motion to dismiss against respondent. Respondent's original FPAA, dated December 27, 1987, was mailed by respondent to Bertha M. Dozark purportedly as the designated tax matters partner of Gran Esperanzas. On February 22, 1988, petitioner Elmer C. Pratt filed his petition in this Court purportedly on behalf of Gran Esperanzas with respect to the December 27, 1987, FPAA. On April 15, 1988, in lieu of filing an answer, respondent filed a motion to dismiss the petition with prejudice against Mr. Pratt on the ground that Mr. Pratt was not the tax matters partner of Gran Esperanzas for 1984, and therefore, on the authority of , that the petition filed by Mr. Pratt did not properly commence a partnership action with regard to the December 7, 1987, FPAA. By order dated September 14, 1988, we denied respondent's motion without prejudice to respondent to file a revised motion to dismiss in which proper documentation and appropriate information was provided relating to the *115 basis for the motion and with respect to which adequate service was made on Elmer C. Pratt. On November 7, 1988, respondent filed the instant revised motion, seeking a dismissal both against petitioner Elmer C. Pratt and against respondent. Attached as exhibits to respondent's revised motion were copies of Gran Esperanzas' 1984 Federal partnership return, Schedules K-1 filed on behalf of Gran Esperanzas for 1984 purporting to reflect the identity and respective percentage profits interests of the partners of Gran Esperanzas for 1984, and a copy of the cover sheet of a second FPAA relating to the 1984 Federal partnership return of Gran Esperanzas that respondent mailed to a Mr. Ellis Hughes on March 31, 1988. By order dated November 14, 1988, we directed Elmer C. Pratt to file a response to respondent's revised motion on or before November 29, 1988. Elmer C. Pratt has failed to respond to respondent's revised motion to dismiss. Review of the additional information contained in the exhibits attached to respondent's revised motion establishes that Bertha M. Dozark signed, as a general partner, the 1984 Federal partnership tax return for Gran Esperanzas. Neither Ms. Dozark nor *116 Mr. Pratt, however, were designated by Gran Esperanzas as its tax matters partner, nor were they shown as having any economic interest in the partnership on any of the Schedules K-1 that were attached to respondent's revised motion. In addition, the Schedules K-1 for Gran Esperanzas for 1984 that were attached to respondent's revised motion to dismiss reflect that a Mr. Ellis Hughes held the largest profits interest (6.21 percent) in the partnership. As indicated, respondent's revised motion to dismiss apprised the Court for the first time that on March 31, 1988, respondent issued a second FPAA regarding Gran Esperanzas' 1984 Federal partnership return. In this second FPAA, mailed to Ellis Hughes as the tax matters partner, respondent apparently determined that Mr. Hughes was the tax matters partner for Gran Esperanzas because no tax matters partner had been designated for the partnership and because the Schedules K-1 filed for Gran Esperanzas for 1984 reflected Mr. Hughes as having the largest profits interest in the partnership. On May 16, 1988, Gordon Kamholz filed a petition with this Court in docket No. 10634-88, in response to the second FPAA relating to Gran Esperanzas *117 for 1984. On December 29, 1988, upon respondent's motion and Mr. Kamholz' failure to respond thereto, this Court dismissed the petition filed by Mr. Kamholz in docket No. 10634-88, on the ground that Mr. Kamholz, who filed his petition within the 90-day period prescribed by section 6226(a), [1] was not the tax matters partner for Gran Esperanzas for 1984. On September 12, 1988, Franz A. and Hildegard A. Plagge also filed a petition with this Court in docket No. 23466-88, in response to the second FPAA relating to Gran Esperanzas for 1984. On December 29, 1988, upon respondent's motion, this Court dismissed the petition filed by Mr. and Mrs. Plagge in docket No. 23466-88, on the ground that their petition was filed more than 150 days after respondent mailed the FPAA. In the motions to dismiss that respondent filed in the above-mentioned related cases, respondent failed to disclose the motion to dismiss pending in this case. As a result, the two motions to dismiss in the related cases were acted on by another Division of the Court with no knowledge of the *118 instant case or of respondent's pending motion to dismiss herein. We now turn to the instant revised motion of respondent to dismiss the petition against Mr. Pratt (because he was not the tax matters partner of the partnership) and to dismiss the petition against respondent (because of the invalidity of the December 7, 1987, FPAA). Our hesitation to grant either relief respondent seeks in his revised motion arises from the inconsistent and confusing manner by which respondent -- administratively as well as in the litigation involving Mr. Pratt, Mr. Kamholz and the Plagges -- has acted with respect to the 1984 Federal partnership return of Gran Esperanzas. As outlined above, in the administrative context, respondent has issued two FPAA's to different individuals respondent determined to be the tax matters partner of Gran Esperanzas. In the litigation context, respondent has filed various motions with respect to the three petitions that were filed with respect to the two FPAAs. In none of respondent's initial motions in any of the three cases did respondent inform the Court of his error in originally sending an erroneous FPAA with respect to the 1984 Federal partnership return *119 of Gran Esperanzas. In his initial and revised motions to dismiss in this case, respondent seeks a dismissal against petitioner even though only the opposite result (namely, dismissal against respondent) is conceivably appropriate in light of the defective original FPAA. Respondent also represents that the Schedules K-1 attached as exhibits to his revised motion reflect all of the profits interests in the partnership. Our computations, however, of the interests of the partners as reflected in the Schedules K-1 that were provided only account for 95.05 percent of the profits interests in the partnership. In light of (1) the erroneous nature of respondent's original motion in this case, (2) respondent's failure to set forth the complete, relevant facts in his various motions to dismiss in this and the related cases, and (3) the inconsistent relief respondent seeks in the instant revised motion, we decline, at this time, to rule on respondent's revised motion. It is possible that, given the opportunity, Mr. Pratt can establish that respondent's original FPAA, on the facts of this case, should be regarded as a valid FPAA and that he acted on behalf of Gran Esperanzas' tax matters *120 partner in filing his petition herein. Under that situation this Court would have jurisdiction over Mr. Pratt's petition. See . Alternatively, it is possible that, given another opportunity, Mr. Kamholtz can establish that he acted on behalf of Gran Esperanzas' tax matters partner in filing his petition, and therefore, that the petition he filed may properly have commenced a partnership action over which this Court has jurisdiction. In light of this latter possibility, the December 29, 1988, order granting respondent's motion to dismiss in docket No. 10634-88 was vacated by order dated February 8, 1989. For the reasons explained above, an order will be issued directing petitioner Elmer C. Pratt to file a response to respondent's revised motion to dismiss in which he may attempt to establish that respondent's original FPAA should be regarded as a valid FPAA and that he filed his petition herein with the authorization of Gran Esperanzas' tax matters partner. Respondent's revised motion to dismiss will be held in abeyance pending receipt of petitioner Elmer *121 C. Pratt's response. Respondent's revised motion also will be held in abeyance for a period of time to give Mr. Kamholtz an opportunity in docket No. 10634-88 to file a motion for a determination that he acted on behalf of Gran Esperanzas' tax matters partner in filing his petition in that case. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩